IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Jessica Hannah Jameson, | Civil Action No. 4:15-cv-1287-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the court on Plaintiff's petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF. No. 27. In her petition, Plaintiff seeks an award of attorney's fees in the amount of $9,095.21, representing 48.50 attorney hours at the rate of $187.53 per hour, and requests that the payment be directed to her attorney and not to Plaintiff.

The Commissioner filed a response indicating that it does not oppose payment of EAJA fees to Plaintiff, but argues that the fees requested by Plaintiff's counsel are unreasonable and should be reduced. ECF. No. 28. The Commissioner also argues that any award of fees should be directed to Plaintiff. For the reasons set forth below, the court grants Plaintiff's motion, awarding attorney's fees in the amount of $9,095.21.

## **Standard**

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. §

2412(d)(1)(A) (2010).[1] The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). When determining whether Defendant's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993). The district court has broad discretion to set the attorney-fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Comm'r v. Jean*, 496 U.S. 154, 163 (1990).

---

[1] A party, like Plaintiff, who wins remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993).

2

**Discussion**

The Commissioner does not oppose the award of attorney's fees. However, she challenges the reasonableness of the amount of fees sought, arguing that the hours claimed are excessive and should be reduced. ECF. No. 28.

The Commissioner argues that the number of hours expended in preparing Plaintiff's briefs in this case is excessive. Plaintiff's counsel spent 33.5 hours researching and writing Plaintiff's 21-page opening brief, and 11.2 hours researching and writing her 10-page reply brief, for a total of 48.5 hours. This time included approximately 18 hours spent reading, reviewing, and summarizing the record, which consisted of a 471-page transcript, among other documents and medical records. The court has reviewed the billing tasks for preparing the opening brief, as well as the reply brief, and finds that the attorney time is reasonable.

Finally, the Government argues that EAJA fees must be awarded directly to Plaintiff, so that the government can confirm that Plaintiff owes no qualifying, pre-existing debt that may be offset. The Supreme Court, in *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), held that the EAJA requires attorney's fees to be awarded directly to the litigant. *See also Stevens v. Astrue*, 656 F.3d 131, 139 (4th Cir. 2009) ("[W]e conclude that the plain language of the EAJA provides that attorney's fees are payable to the prevailing party – in this case the Social Security claimants – and not the attorney."). Although Plaintiff has submitted an assignment of the fees in this case to her attorney, the Commissioner argues that any award of fees will be contingent on the

3

determination that Plaintiff owes no qualifying, pre-existing debt to the government. This is consistent with *Ratliff* and *Stevens*. Accordingly, the court directs the fee award be made payable directly to Plaintiff.

## Conclusion

For the reasons set forth above, the court grants, in part, Plaintiff's motion for attorney's fees under the EAJA. The court awards $9,095.21 for attorney's fees directly to Plaintiff.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 21, 2016

4